IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHARLES RAY SHORB, | Case No. 2:14-cv-02005-SB |
| Petitioner, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| MARK NOOTH, | |
| Respondent. | |

**BECKERMAN, Magistrate Judge.**

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. The Court recommends that the district judge deny the Petition for Writ of Habeas Corpus (ECF No. 1) ("Habeas Petition") because it is untimely and there is no basis for statutory or equitable tolling under controlling Ninth Circuit law.

### BACKGROUND

On December 14, 2007, a jury convicted Petitioner of Rape in the First Degree (one count) and Sexual Abuse in the First Degree (two counts). Resp't Exs. (ECF No. 16), Ex. 101. The Josephine County Circuit Court sentenced Petitioner to a 120-month term of imprisonment, and 20 years of post-prison supervision, less time actually served. *Id.* at 3.

Petitioner filed a direct appeal, but subsequently dismissed the appeal. Resp't Suppl. Exs. (ECF No. 37), Ex. 108. The appellate judgment issued on March 19, 2009. Resp't Ex. 102. On March 22, 2010, Petitioner filed a state petition for post-conviction relief ("PCR"). Resp't Ex. 103. The Malheur County Circuit Court denied PCR on September 8, 2011. Resp't Ex. 104. The Oregon Court of Appeals affirmed without opinion on June 25, 2014. *Shorb v. Nooth*, 263 Or. App. 755 (2014); Resp't Ex. 155. The Oregon Supreme Court denied review on December 11, 2014. *Shorb v. Nooth*, 356 Or. 574 (2014); Resp't Ex. 154. The appellate judgment issued on March 12, 2015. Resp't Ex. 155. In the interim, on December 15, 2014, Petitioner filed his federal Habeas Corpus Petition, challenging the legality of his convictions based on ineffective assistance of counsel and denial of due process. Pet'r's Habeas Pet. (ECF No. 1) at 3.

Respondent asks the Court to deny habeas relief on the basis that Petitioner's Habeas Petition was filed beyond the one-year limitations period of 28 U.S.C. § 2244(d). Specifically, Respondent contends that 368 days elapsed between the date the appellate judgment issued in Petitioner's direct appeal and the date Petitioner filed his state PCR petition. In response, Petitioner argues that (1) his Habeas Petition should be considered timely under the particular circumstances of this case; (2) the limitations period should be equitably tolled for three days because the delay was attributable to the prison mail system and to the negligence of PCR counsel; and (3) it would be a miscarriage of justice not to consider his Petition because, in light of new, reliable evidence, it is more likely than not that no reasonable juror would have convicted him.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a one-year statute of limitations applies to a petition for writ of habeas corpus filed "by a person in custody

Page 2 – FINDINGS AND RECOMMENDATION

pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period begins when the latest of four events occurs—here, "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled while a "properly filed" state PCR petition is pending. 28 U.S.C. § 2244(d)(2).

In this case, the limitations period began on March 19, 2009, the date the appellate judgment issued in Petitioner's direct appeal. Thus, the statute of limitations expired a year later, on March 19, 2010. Petitioner filed his state PCR petition on March 22, 2010, three days after the one-year period lapsed. Resp't Ex. 103.

I.      **Statutory Tolling**

Petitioner argues that his Habeas Petition should be considered timely under the unique circumstances of this case. Petitioner explains that his state PCR counsel signed and served the PCR petition on a Friday, but filed by mail such that it was not received by the Malheur County Circuit Court until the following Monday:

> *The delay, if any, is a three-day period between the direct appeal and the filing of the post-conviction petition.* Prior to the expiration of the limitations period, on Monday, March 15, 2010, Mr. Shorb . . . personally signed a certification verifying the facts in his post-conviction petition. Mr. Shorb presumably mailed the original signed document to his post-conviction attorney, Attorney Wilner-Nugent, who signed the post-conviction petition on Friday, March 19, 2010, also within the limitation period. Attorney Wilner-Nugent, who was located in Portland, Oregon, hand-delivered the petition to the Respondent's counsel, accomplishing service to the opposing party on March 19. However, the court was in Malheur County in Eastern Oregon so Attorney Wilner-Nugent mailed the petition to the court on March 19, and the court filed it on Monday, March 22. The petition, which is hand stamped "FILED" by the Malheur County Circuit Court on March 22, appears to have been conventionally, rather than electronically filed. Under these circumstances, this Court should conclude that Mr. Shorb's petition is in fact timely.

Pet'r's Br. in Supp. at 7 (record citations omitted) (emphasis supplied). Had PCR counsel filed the petition on Friday instead of Monday, this action would not be barred by the one-year statute of limitations. *Id.*

Although not labeled as such, the Court construes Petitioner's argument as a request for statutory tolling under 28 U.S.C. § 2244(d)(2), i.e., the limitations period should be statutorily tolled because the Court should treat his PCR petition as "properly filed" on March 19, 2009, the Friday on which PCR counsel signed the petition and delivered it to opposing counsel, rather than March 22, 2009, the Monday on which it was actually received and filed in the state court record. So construed, Petitioner's argument is contrary to the Supreme Court and Ninth Circuit's interpretation of § 2244(d)(2).

Pursuant to 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled only if the state PCR petition is "properly filed." A state PCR petition is "'*properly filed*' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original); *Orpiada v. McDaniel*, 750 F.3d 1086, 1088-89 (9th Cir. 2014). Petitioner offers no argument to support a finding that his PCR petition was "properly filed" under state law on the date his attorney signed and served the petition on opposing counsel. *See* Or. Rev. Stat. § 138.560(1) (PCR proceeding is commenced by *filing* the petition with the clerk of the court).

To the extent that Petitioner is arguing that he should have the benefit of *equitable* tolling in state court, thereby rendering his PCR petition "properly filed" on March 19, 2009, the argument lacks merit because "[e]quitable tolling . . . is a federal doctrine entirely separate from state law." *Rudin v. Myles*, 781 F.3d 1043, 1054 n.14 (9th Cir. 2014). Furthermore, although Petitioner does not expressly rely on the prison mailbox rule to argue that his PCR petition was

Page 4 – FINDINGS AND RECOMMENDATION

filed on the date he signed the verification of facts, the Court notes that the Oregon Court of Appeals has rejected the mailbox rule in the PCR context. *See Baldeagle v. Lampert*, 185 Or. App. 326, 330-31 (2002) (rejecting the mailbox rule based on statutory language that a PCR proceeding is commenced when the PCR petition is filed); *see also Orpiada*, 750 F.3d at 1089 (declining to apply the prison mailbox rule to determine whether a state petition is "properly filed" when the state has expressly rejected the mailbox rule). In any event, the mailbox rule does not apply because Petitioner was represented by counsel in the PCR proceeding. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (to benefit from the mailbox rule, the prisoner must be proceeding without assistance of counsel). For all of these reasons, statutory tolling is not warranted here.

## II.    Equitable Tolling

The one-year limitations period may be equitably tolled upon a showing that (1) petitioner pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 632 (2010); *Fue v. Biter*, No. 12-55307, 2016 WL 6803045, at *5 (9th Cir. Nov. 17, 2016); *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). The extraordinary circumstance raised must be both the but-for cause and the proximate cause of the untimeliness. *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001). The inquiry sets a high bar, reserving equitable tolling for rare cases. *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). A petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). In the instant case, Petitioner raises two grounds for equitable tolling: (1) the delays inherent in the prison mail system, and (2) negligence by PCR counsel. Pet'r's Supp. Br. at 8.

### A. Prison Mail System

Petitioner attributes his three-day delay in filing his PCR petition to "limitations imposed by the prison on communication." Pet'r's Supp. Br. at 11. Specifically, Petitioner argues that because Or. Rev. Stat. § 138.580 requires a PCR petitioner to verify the factual allegations in his petition, he had to use the prison mail system to exchange documents with his attorney. Pet'r's Supp. Br. at 10-11. Petitioner does not allege he encountered any particular problem with the mail system, but instead alleges generally that: "[R]espondent's limits on mail, fax, and phone communications . . . slowed down [his] ability to verify the factual allegations in both petitions[.]" Pet'r's Habeas Pet. at 2.

Petitioner has not demonstrated that prison officials were slow to deliver the factual certification to him upon receipt from his attorney, nor that prison officials were slow to mail back the factual certification once he had signed and delivered it for mailing. Therefore, Petitioner has not demonstrated that the prison mail system was the but-for or proximate cause of his late filing. See Allen, 255 F.3d at 800 (extraordinary circumstance must be the but-for cause of untimeliness); Reid v. Sisto, No. 2:07-cv-01409-RSL-JLW, 2010 WL 1006486, at *6 (E.D. Cal. Mar. 17, 2010) (finding that general mail delays were an ordinary feature of prison life and that, without alleging more, the petitioner failed to show causation). Accordingly, Petitioner has not met his burden of showing that equitable tolling is appropriate on this basis.

### B. PCR Attorney Negligence

Petitioner also attributes his untimely filing to PCR "counsel's mistake or neglect." Pet'r's Supp. Br. at 9. Petitioner argues that, to the extent PCR counsel should have left additional time to account for delays inherent in the prison mailing system, filed a protective

petition without Petitioner's signed certification, or filed electronically, this Court should not hold that mistake against Petitioner. *Id.* at 10.

It is well settled that "run-of-the-mill" negligence, including the miscalculation of a court deadline, does not constitute an extraordinary circumstance warranting equitable tolling. *Luna*, 784 F.3d at 646; *see also Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) ("Attorney negligence, including a miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling"); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) ("conclud[ing] that the miscalculation of the limitations period by Frye's counsel and his negligence in general did not constitute extraordinary circumstances sufficient to warrant equitable tolling").

In this case, there is no evidence Petitioner's post-conviction attorney was anything more than negligent in failing to file timely the state PCR petition. Counsel could have, as Petitioner suggests, acted sooner (leaving a buffer period for any unforeseen obstacles), sought leave to file the PCR petition without the factual certification, or filed electronically. However, his failure to take such precautionary measures was at most garden-variety negligence, which encompasses "mistakes made routinely enough that they're regarded as one of the risks petitioners typically assume when relying on counsel to litigate a case" and, as such, is not "an extraordinary circumstance warranting equitable intervention." *Luna*, 784 F.3d at 647. Accordingly, equitable tolling is not warranted under current Ninth Circuit precedent.

### C. Actual Innocence

Finally, Petitioner asserts that he is entitled to an equitable exception to § 2244(d)(1) on the ground that he is actually innocent. Pet'r's Supp. Br. at 13. Petitioner offers polygraph evidence in an attempt to prove his actual innocence. *Id.* Former Oregon State Police Detective Mark Ranger administered a polygraph examination to Petitioner, asking whether he engaged in

Page 7 – FINDINGS AND RECOMMENDATION

sexual intercourse with the victim. *Id.* Petitioner denied doing so, and Ranger concluded that Petitioner's denial was truthful. *Id.*; Resp't Tr. (ECF No. 38) at 491-93.

A petitioner raising a "credible claim of actual innocence" may be exempted from AEDPA's statute of limitations where failure to address the claim would result in a "fundamental miscarriage of justice." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013); *Lee v. Lampert*, 653 F.3d 929, 932, 934 (9th Cir. 2011). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *McQuiggin*, 133 S. Ct. at 1929. Moreover, he "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 1935 (quoting *Schlup*, 513 U.S. at 327); *Stewart v. Cate*, 757 F.3d 929, 938 (9th Cir. 2014).

Respondent argues that, even if Petitioner's polygraph evidence is reliable, it is not new evidence because it was already presented at trial. Resp't Reply (ECF No. 39) at 9. To the contrary, the polygraph evidence was first presented at the sentencing hearing, more than a month after trial. *See* Tr. at 491-93. Hence, it constitutes "new" evidence not presented at trial. *See Griffin v. Johnson*, 350 F.3d 956, 962-63 (9th Cir. 2003) (holding that petitioners need only offer newly presented evidence, not newly discovered evidence).

However, Respondent is correct that polygraph evidence is "not the type of 'reliable,' 'exculpatory' evidence envisioned by the *Schlup* court." *Cortes v. Mills*, No. 6:09-cv-00006-TC, 2011 WL 6965804, at *5 (D. Or. July 18, 2011) ("Assuming a polygraph has some probative value, it cannot, standing on its own, prove that petitioner is actually innocent."); s*ee also Brown v. Darcy*, 783 F.2d 1389, 1394-95 (9th Cir. 1986) (discussing "[t]he questionable accuracy of

polygraph examinations"); *Brown v. Oregon*, No. 3:12-cv-02005-KI, 2014 WL 5780805, at *4 (D. Or. Nov. 5, 2014) ("polygraph results are not reliable enough to support a claim of actual innocence").

Viewing the polygraph evidence together with the other evidence presented at Petitioner's trial, including the victim's clear testimony at age 16 describing years of sexual assault (Tr. at 58, 70-85), Petitioner has failed to demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327; *see also Hatch v. Lambert*, 215 F. App'x 614, 615 (9th Cir. 2006) (holding that "when the general unreliability of polygraph evidence is viewed in combination with the other evidence at trial," petitioner failed to prove actual innocence); *Hunt v. Oregon*, No. 2:13-cv-01821-BR, 2014 WL 4833751, at *2 (D. Or. Sept. 24, 2014) (finding polygraph evidence, taken along with petitioner's incriminating statements to police and victim testimony, insufficient to establish the requisite probability).

## CONCLUSION

Based on the foregoing, the Court recommends that the district judge DENY Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and DISMISS this action on the basis that it is barred by the one-year statute of limitations.

However, the Court recommends that the district judge grant a Certificate of Appealability. Had Petitioner's state PCR counsel filed the state PCR petition on Friday, when he signed and served it, this habeas corpus proceeding would not be time-barred. Instead, he mailed the petition to the state court and it was docketed on Monday, one court-day later. In this Court's opinion, federal habeas corpus review is far too important to be blocked by a one day filing delay by otherwise diligent PCR counsel. Under controlling Ninth Circuit law, this Court

must dismiss the action as time-barred, but the district judge should grant a Certificate of Appealability because reasonable jurists would find it debatable both "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 30th day of December, 2016.

_____
STACIE F. BECKERMAN
United States Magistrate Judge